UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSICA PICA** ) | Case Number |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **COLLECTCORP CORPORATION** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Jessica Pica, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.      INTRODUCTORY STATEMENT

1.      Plaintiff, Jessica Pica, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.    JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District and the Defendant conducts business in the District.

## III.    PARTIES

4.      Plaintiff, Jessica Pica, is an adult natural person residing at 2039 Lincoln Avenue, Croydon, PA 19021.

5.      Defendant, CollectCorp Corporation ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with it's principal location located at 455 North 3rd Street, Suite 260 Phoenix, AZ 85004.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7.      On or around July 3, 2009, Plaintiff received a letter from Defendant's agent Tony Sozinho informing her that the Defendant was collecting for a FIA Card Services debt.  See Exhibit "A" attached hereto.

8.      On or about July 7, 2009, Plaintiff received a call from an agent of the Defendant who did not give his name or where he was calling from, he only demanded to

know Mrs. Pica's social security number.  Plaintiff's husband then got on the phone trying to find out who was calling and from where.  Defendant's agent finally answered that he was calling from "Canada".

9. During this conversation, Defendant's agent never stated the mini-miranda informing Plainitff that he was collecting for a debt.

10. Plaintiff researched the telephone number after the call and was able to confirm that the call had come from CollectCorp Corporation.

11. On July 8, 2009, an agent of the Defendant, Russell Beckett, called asking Plaintiff for the name and number of her employer.  Agent became irate when Plaintiff declined to give out this information.

12. Agent Beckett eventually did inform Plaintiff that he was calling about a debt owed for a Bank of America credit card.  Plaintiff said that she has never owned said credit card and asked for validation of the debt.  To date, Mrs. Pica has received do documentation from Defendant.

13. On July 17, 2009, agent Russell Beckett called again asking to confirm employment information.  Plaintiff informed him that she worked in private homes with special needs children.  Agent Beckett responded with laughter.

14. On July 21, 2009, Plainitff sent a certified letter to Defendant telling them to cease all telephone contact and again asking for validation of the debt.  See Exhibit "B" attached hereto.

15. Although, Defendant received the letter on or around July 24, 2009, the calls continued.  See Exhibit "C" attached hereto.

16. On July 28, 2009, agent Russell Beckett called again requesting payment. Plaintiff asked him why he was calling after his office received for a do not call letter. Agent Beckett said he knew nothing of a request to stop calling and continued to tell Mrs. Pica to pay her bill.

17. Plaintiff has still never received any validation from Defendant.

18. On July 28, 2009, Plaintiff received another call from Defendant, this time, from a supervisor named Sterling Kohn.  Plaintiff again requested validation of the debt but was told that they probably would not send it and that she will most likely be "left in the dark" about her account.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I - FDCPA**

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692c(c), d, d(5), d(6), e, e(10), e(11), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, CollectCorp Corporation for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit;

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

27.     Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

28.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

29.     The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

30.     The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

31.     The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

32.     Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

33.     As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

34.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

35. The foregoing paragraphs are incorporated herein by reference.

36. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

37. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

38. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c.    Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

39.    As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

40.    By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    An Order declaring that Defendant violated the UTPCPL;

    b.    Actual damages;

    c.    Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: August 28, 2009**          **BY: /s/Bruce K. Warren**
                                                        Bruce K. Warren, Esq.

                                                       **/s/Brent F. Vullings**
                                                        Brent F. Vullings, Esq.


                                                        Warren & Vullings, LLP
                                                        1603 Rhawn Street
                                                        Philadelphia, PA  19111
                                                        215-745-9800    Fax 215-745-7880
                                                        Attorney's for Plaintiff